## GEORGE H. HORTON

V.

## OLIVER G. BROWN.

*Negotiable Instruments—Note—Insolvency of Maker—Sufficiency of
Evidence to Establish—Return on Execution—Suit Against Partner
Individually.*

In an action brought by an indorsee against an indorser of a note
given by a partnership, this court holds that sufficient evidence was in-
troduced to warrant the finding by the jury that the estate of one of the
makers of the note was insolvent, that the return of the sheriff on an
execution issued in a suit against the other maker was sufficient, and that
in an action at law, where there was no marshaling of assets, it was
immaterial whether the suit was against a partner as such or as an
individual.

[Opinion filed December 12, 1892.]

IN ERROR to the Circuit Court of Will County; the Hon.
DORRANCE DIBELL, Judge, presiding.

Mr. J. W. D'ARCY, for plaintiff in error.

Mr. P. SHUTTS, for defendant in error.

MR. JUSTICE LACEY. The appellee, the indorsee, sued appellant, the assignor of a promissory note, in an action of assumpsit, and recovered judgment against him in the sum of $696.34, the amount of the note and interest thereon. The note in question bears date February 3, 1890, was due in nine months from date, for the sum of $666.36, and drew six per cent interest from date, payable to George H. Horton, the appellant, and signed by Druley Bros., a firm composed of Wm. Druley and Albert A. Druley. The note was assigned by the payee to the appellee herein before maturity. The makers were doing business as grain merchants and failed in business before the note became due. Wm. Druley lived in Chicago and died before the note became due. Albert resided in Joliet when it became due. The grounds of the action are that the maker, Albert Druley, at the first term of the Circuit Court at which suit could be brought after the note became due, was sued in the Circuit Court on said note by the appellee and duly prosecuted to insolvency, and that the filing the claim against the estate of Wm. Druley would have been unavailing on account of the insolvency of the deceased. First, it is claimed that the proof as to the ability of the estate to pay any portion of the note was defective and insufficient in this, that the proof only showed that the estate was insolvent and did not show it to be unable to pay some portion of the note—only that it could not pay its debts in full. We think, however, that the evidence was *prima facie* sufficient to show the entire insolvency of the estate of Wm. Druley. George S. House, who was the attorney for the administratrix in Chicago, was put on the witness stand and testified that he was the attorney for the administratrix and had done all the business pertaining to the estate required to be done; that the estate was insolvent and could not pay its debts. The appellee testified that he had learned that "not a dollar could have been made out of the estate" of Wm. Druley. While the evidence is not as clear and positive as it might have been, it is in our opinion such that the jury might find the entire

insolvency of the estate from it. The appellant's counsel appeared to have been satisfied with it as he made no cross-examination of Mr. House or appellee on this point, which, if it had been done, would have easily elicited whether any portion of the note could have been made out of the Wm. Druley estate. It could have been made clear. We think, however, the evidence as it stood was sufficient to warrant the jury in finding as it did on that point. The appellant objects to the insufficiency of the proof of the prosecution of the suit in the Circuit Court against Albert Druley. It is insisted that the suit was not commenced against Albert Druley as a member of the firm but as an individual, and that the return of the sheriff on the execution failed to show that the demand had been made during the life of the execution. The execution against Albert Druley bears date January 15, 1891, and it was returned April 14, 1891, by the sheriff. The sheriff recites that demand had been made for money or other 'property to satisfy the execution, and that neither had been received, and the execution was returned not satisfied, no property found in the county. We think his return was good and in accordance with the statute, and that the presumption would be that the officer had made the demand in time and had made the necessary exertion to find property. Of course this might have been rebutted, but it was not. The point that the suit was not brought against Albert as a member of the firm of Druley Bros. is not well taken. It was brought against him as a survivor of the firm. And as far as the collection was concerned, we can see no difference in a court of law whether it was brought against Albert individually or as a member of the firm. In a court of equity in a suit between the members of the firm, where the assets are being marshaled, it might make a difference whether Albert's debt was partnership or individual, but not at law, where the judgment was attempted to be collected on execution.

The instructions appeared to be fair and correct. We see no error in the record, and the judgment of the court below is affirmed.

*Judgment affirmed.*